SALVATORE J. FANALE AND MARY K. FANALE, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. BOROUGH OF HAS-BROUCK HEIGHTS, A MUNICIPAL CORPORATION, DE-FENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued July 29, 1957—Decided September 13, 1957.

Before Judges CONFORD, HANEMAN and EWART.

*Mr. Ralph W. Chandless* argued the cause for defendant-appellant (*Messrs. Chandless, Weller & Kramer,* attorneys).

*Mr. James A. Major* argued the cause for plaintiffs-respondents.

PER CURIAM. Consideration by the court of the record, briefs and oral arguments in this cause, in the light of the public importance of the issues presented, leads to the conclusion that supplemental proofs and briefs and reargument are required.

1. While the ordinance was held by the trial court invalid on its face, it is nevertheless apparent from the oral determination that the court gave consideration to the fact that the prohibition of apartment houses was adopted "after the character of the town had been fixed," presumably having regard to the extent of apartment house use then in existence as indicated by the proofs. In this connection the court regards as essential the incorporation in the record of more precise information as to the amount or extent of different kinds of land use, as of the date of adoption of the ordinance, to be found within the "C" residential zone, *i. e.,* whether apartment house, single-family, two-family, vacant, or otherwise. This could most effectively be done by a map showing by differently colored designations the various types of use of each separate parcel of land in that zone. If this is too burdensome, the information could alternatively be supplied in the form of figures for the aggregate linear street frontage, or square footage, of parcels of land in that zone devoted to the respective different land uses mentioned above.

2. In respect to the reasonableness and effect of the ordinance in application to the business zone, the court requires the same kind of analysis of individual parcel land use as directed above for the "C" residence zone. The area involved in the business zone would appear not so large that the information could not be conveniently supplied by map. The respective types of use for each parcel should be indi-

cated, as, *e. g.,* commercial without apartments, commercial with apartments, one-family residential, two-family residential, vacant, and any other miscellaneous uses. If there are any apartment houses (more than two-family), whether with or without stores, in that zone (business), their location should be indicated.

It would appear to the court that stipulations can be entered into by the parties agreeing upon the foregoing facts. If the parties desire to stipulate any other facts deemed material by either side in the light of the foregoing, this may be done. If either side desires to offer further evidence deemed material because of the introduction of the foregoing factual data, which further evidence is not susceptible of stipulation, application may be made to the Court for directions.

3. In addition to the supplemental factual data specified, the court desires supplemental briefs addressed to the following subjects:

(a) The reasonableness or unreasonableness of the ordinance in its general application to the "C" residential zone, in the light of the additional information requested above and testimony already in the record.

(b) The reasonableness or unreasonableness of the ordinance in its general application to the business and industrial zones in the light of the entire record as supplemented. This involves a consideration of the effect of such cases as *Katobimar Realty Co. v. Webster,* 20 *N. J.* 114 (1955), *Kozesnik v. Montgomery Township,* 24 *N. J.* 154 (1957), and any other authorities deemed applicable. In this connection, what is the justification of the classification resulting from the ordinance amendment, which, while excluding new apartment houses from business and industrial zones, permits new one- or two-family residences therein? If such classification is theoretically unsound, is the question academic as to the business zone because, on the evidence already in the case, land in that zone is of a value which would render economically unlikely its improvement with one- or two-family residences? *Cf. Kozesnik v. Montgomery*

*Township, supra* (24 *N. J.,* at *page* 182). Or can the classification be defended on the ground that additional one- or two-family homes in the business zone would not create such an adverse influence on neighboring one-family areas as would apartment houses?

(c) Any other supplemental legal argument deemed desirable by either party in the light of the directions contained herein.

The order of the court will direct that the supplemental factual stipulations be filed by October 7, 1957; that supplemental briefs of both sides be exchanged and filed by October 21, 1957, and that supplemental answering briefs (if any) be exchanged and filed by October 31, 1957. Oral reargument of the entire case will then be set down before a regular part of the Appellate Division, based on both the original and supplemental records and briefs.

So ordered.